**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DEBORAH BEACHAM,**<br>**Plaintiff,**<br>**v.**<br>**FEDERAL NATIONAL MORTGAGE CORPORATION, et al.**<br>**Defendants.** | **1:15-cv-1608-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Defendants Brock & Scott, PLLC ("Brock"), H. Elizabeth King[1] ("King"), Bank of America, N.A. ("BofA"), Countrywide Home Loans, Inc. ("Countrywide"), Federal National Mortgage Association's ("Fannie Mae"),[2] and Seterus, Inc. ("Seterus") (together, "Defendants") Motions to Dismiss [20, 21, 22, 34] Plaintiff Deborah Beacham's ("Plaintiff") First Amended Complaint [14].[3] Also before the Court are defendants

---

1 Plaintiff erroneously refers to "Dr. Elizabeth H. King" and "Dr. H. Elizabeth H. King."

2 Plaintiff erroneously refers to "Federal National Mortgage Corporation" in her complaints.

3 As explained below, Plaintiff's First Amended Complaint is attached to her Response to Defendants' Motions to Dismiss.

Brock, Fannie Mae, Seterus, and BofA's Motions to Dismiss [2, 4, 6] Plaintiff's original Complaint [1]. Also before the Court are Defendants' Motion to Stay Pre-Trial Deadlines [9] and Joint Motion to Strike Plaintiff's First Amendment Complaint [25], and Plaintiff's Motion to Stay Pre-Trial Deadlines [11], Motion for Permanent Injunction and Protective Order [18], First Motion for Leave to file a Second Amended Complaint [23],[4] and Second Motion for Leave to File a Second Amended Complaint [28].

## I. BACKGROUND

### A. Procedural History

On May 6, 2015, Plaintiff, *pro se*, filed a Complaint [1] against Fannie Mae, BofA, Seterus, and Brock. On May 27 and 28, 2015, these defendants filed separate Motions to Dismiss [2, 4, 6]. On June 17, 2015, Plaintiff filed a Motion Requesting an Extension of Time [10] until July 1, 2015, to respond to the Motions to Dismiss and to file an Amended Complaint for Damages and Petition for Permanent Injunction. On July 17, 2015, the Court, in light of Plaintiff's *pro se* status, entered an order [13] granting Plaintiff an extension through July 24, 2015,

---

[4] For reasons discussed below, the Court construes Plaintiff's "Motion to Correct the Docket" as her First Motion for Leave to file a Second Amended Complaint.

to respond to the Motions to Dismiss and to file her First Amended Complaint, and admonished Plaintiff that no further extensions would be granted.

On July 24, 2015, Plaintiff filed her Response [14] to Defendants' Motion to Dismiss. It appears Plaintiff attached a purported Amended Complaint (the "First Amended Complaint") to her Response. ([14] at 5-97). On August 3, 2015, Plaintiff filed another document purporting to be her Amended Complaint [17] (the "August 3rd Complaint"), claiming that the First Amended Complaint was the "wrong version [filed] in error," and that the August 3rd Complaint was meant to substitute for the First Amended Complaint. ([17.1] at 79). On August 17, 2015, Plaintiff filed a "Motion to Correct the Docket" [23] again explaining the purported error and asking the Court to treat the August 3rd Complaint as timely filed. The Court construes this Motion to Correct the Docket as Plaintiff's First Motion for Leave to File her Second Amended Complaint.

In her First Amended Complaint, Plaintiff asserts the following claims: Georgia RICO, Georgia RICO Conspiracy, Federal RICO, Federal RICO Conspiracy, Defamation, Tortious Interference with Contractual Relations, Intentional Infliction of Emotional Distress. The First Amended Complaint also adds several defendants alleged to be residents of Georgia, including King, Charles

Beacham, Charla Strawser, Kathy Portnoy, and McCurdy & Candler, LLC. Defendants Brock, King, BofA, Countrywide, and Fannie Mae have moved to dismiss the First Amended Complaint.

On September 3, 2015, Plaintiff filed a Motion for Leave to File her Second Amended Complaint [28], which, in light of Plaintiff's previous attempt to "Correct the Docket" to file the August 3rd Complaint, the Court construes as her Second Motion for Leave to File a Second Amended Complaint. She did not attach a Complaint to this Motion.

B. Facts

Plaintiff's original Complaint, First Amended Complaint, and August 3rd Complaint consist largely of rambling and paranoiac allegations and legal conclusions. The Court attempts to summarize the relevant facts contained in the First Amended Complaint as follows:

This case arises from the divorce and custody battle between Plaintiff and Charles Wayne Beacham, which began in 2006 and ended in 2008. (First Am. Compl. at 11). Plaintiff claims a wide-ranging conspiracy to manipulate family court proceedings in order to cause foreclosures. (Id. ¶ 4, 5). This conspiracy involves a Family Court ("FC") enterprise including King and other experts,

judges, Plaintiff's divorce attorneys and other lawyers; a Mortgage Foreclosure ("MF") enterprise including Fannie Mae, BofA, and Countrywide; and other related individuals and entities. (Id. ¶¶ 16, 26, 28-31). In furtherance of this conspiracy, King performed a forensic psychological evaluation of Plaintiff during her custody battle, and diagnosed Plaintiff with Post Traumatic Stress Disorder. (See First Am. Compl. ¶ 20). Plaintiff claims that this evaluation and other expert reports were used in court against her during her divorce and custody proceedings, and alleges the enterprises engage in the trafficking of children by using these false reports. (Id. ¶¶ 15, 95).

Plaintiff alleges that the FC and MF enterprises became "intertwined while serving to protect each other from exposure and accountability, locking in profits they would not otherwise gain." (Id. ¶ 21). Plaintiff claims to have documented consecutive and overlapping predicate acts of the enterprises, and asserts both Georgia and Federal RICO claims, as the "Enterprises [are] profiting from the illegal manipulation and even pre-determination of family court matters, resulting in property loss . . . ." (Id. ¶ 4). Plaintiff appears to allege that the two enterprises are linked because Plaintiff missed a mortgage payment deadline when her ex-husband withheld funds she contends were owed under their divorce and

custody agreement, and the missed payment led to the foreclosure of her home on January 6, 2015. (Id. ¶ 26).

## II. DISCUSSION

### A. The Operative Complaint

In light of Plaintiff's *pro se* status, the Court considers Plaintiff's First Amended Complaint as the operative Complaint, despite Plaintiff improperly attaching it to her purported response to Defendants' motions to dismiss. The Court's July 17th Order admonished Plaintiff that no further extensions would be granted. Plaintiff's August 3rd Complaint, filed 10 days after the deadline set by the Court's Order and filed without a motion for leave to amend, will not be considered. The Court therefore denies Plaintiff's "Motion to Correct the Docket" [23], which the Court construes as Plaintiff's First Motion for Leave to File her Second Amended Complaint. For reasons explained below, the Court also denies Plaintiff's Second Motion for Leave to File a Second Amended Complaint [28].

### B. Federal Jurisdiction

It is well settled that federal courts have limited jurisdiction and are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005)

(internal quotations omitted). If at any time the Court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

The district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even a claim that arises under federal law, however, may be dismissed for lack of subject matter jurisdiction if (1) the claim "'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction,'" or (2) the claim "'is wholly insubstantial and frivolous.'" Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). "Under the latter Bell exception, subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (internal quotation marks omitted); see also McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (stating that the test is whether the claim alleged "is so patently without merit as to justify the court's dismissal for want of jurisdiction" (internal quotation marks and ellipsis omitted)).

The only claims upon which the Court can base federal question jurisdiction are Plaintiff's federal RICO and RICO conspiracy claims. Plaintiff's First Amended Complaint contains legal buzzwords and recites some elements of a federal RICO claim, but fails to assert any specific facts to support her conclusory RICO allegations. (First Am. Compl. ¶¶ 67-73, 76-83). Plaintiff believes there is a wide-ranging conspiracy among the various unrelated individuals and entities identified in her First Amended Complaint, but she does not plead facts to support the conclusion that her unbelievable conspiracy is plausible. (Id.). Her conclusory assertion that Defendants "constitute an 'association in fact' enterprise under U.S.C. § 1961(4) because they are a group of individuals or entities associated in fact" is patently frivolous. (Id. ¶ 77). As to her federal RICO conspiracy claim, the First Amended Complaint merely states Plaintiff intends to "fil[e] an Addendum to this Amended Complaint." (Id. ¶ 85). These claims "ha[ve] no plausible foundation," and are "wholly unsubstantial and frivolous." Sanders, 138 F.3d at 1352 (internal quotation marks omitted). The Court, therefore, lacks federal question jurisdiction over this matter.

Diversity jurisdiction under 28 U.S.C. § 1332(a) is also lacking. To invoke a federal court's diversity jurisdiction plaintiff must show that each defendant is

diverse from each plaintiff. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011).

Plaintiff, in her original Complaint, alleges she is a "resident citizen of Fulton County, Georgia." (Compl. [1] ¶ 1). She does not appear to allege her own citizenship in her First Amended Complaint, but indicates her address remains in Georgia. (First Am. Compl. at 95). The Court assumes Plaintiff's citizenship did not change during the approximately two months between her filing her original Complaint and her First Amended Complaint. The First Amended Complaint alleges that the following individuals are "residents of the State of Georgia": Kathy Portnoy, Charla Strawser, Charles Wayne Beacham, and King. (Id. ¶¶ 44, 45, 48, 49). Even assuming that Plaintiff properly alleged the citizenship of the

defendants listed above,[5] diversity clearly would be lacking because these defendants are not diverse from Plaintiff.[6]

The Court also declines to grant Plaintiff another opportunity to cure her deficient pleadings. The Court's July 17th Order granted Plaintiff an extension of time to respond to the motions to dismiss and to file her First Amended Complaint, and admonished her that no further extensions would be granted. Plaintiff has twice attempted to amend her Complaint, and with each new amendment Plaintiff gets further from stating her claims with sufficient clarity or specificity.[7] Defendants have filed seven separate motions to dismiss Plaintiff's Complaints. All of Plaintiff's Complaints are shotgun pleadings, preventing Defendants from

---

[5] Plaintiff is required to show *citizenship*, not residence. See Travaglio v. American Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

[6] The First Amended Complaint also alleges McCurdy & Candler, LLC is a Georgia limited liability corporation, (id. ¶ 41), and that Brock is a North Carolina limited liability corporation, (id. ¶ 42). A limited liability company is a citizen of any state of which one of its members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., *374 F.3d 1020, 1022 (11th Cir.2004)*. "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id. Plaintiff has failed to do so, and the Court is thus unable to determine if these defendants are diverse from Plaintiff.

[7] Plaintiff's August 3rd Complaint is nearly 170 pages long, and contains even less plausible allegations involving an ever-increasing number of defendants alleged to be involved in the conspiracy.

making "heads or tails out of plaintiff ['s] allegations." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 981 (11th Cir. 2008). The Eleventh Circuit strongly condemns these types of pleadings, as they harm the parties, delay the disposition of a case at undue expense of one or both of the parties, wreak havoc on appellate court dockets, and undermine the public's respect for the courts. Id. at 981-83. Plaintiff has given the Court no reason to believe that yet another Complaint would resolve any of the problems noted above, and the Court therefore denies Plaintiff's Second Motion for Leave to file her Second Amended Complaint because amendment would be futile. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (internal quotation marks omitted)).

Plaintiff's federal RICO and RICO conspiracy claims have no plausible foundation, and the Court therefore lacks federal question jurisdiction over this matter. Because the parties are not diverse, the Court lacks any basis for federal

subject matter jurisdiction. Accordingly, the Court is required to dismiss Plaintiff's lawsuit.[8] Fed. R. Civ. P. 12(h)(3); see also Norton, 324 F.3d at 1240.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion for Leave to File a Second Amended Complaint [23] and Second Motion for Leave to File a Second Amended Complaint [28] are **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of federal subject matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss [20, 21, 22, 34] the First Amended Complaint; Brock, Fannie Mae, Seterus, and BofA's motions to dismiss [2, 4, 6] the original Complaint; Defendants' Motion to Stay Pre-Trial Deadlines [9] and Joint Motion to Strike Plaintiff's First Amendment Complaint [25]; and Plaintiff's Motion to Stay Pre-Trial Deadlines [11] and

---

[8] Because the Court is required to dismiss the lawsuit for lack of federal subject matter jurisdiction, the Court denies as moot the remainder of the pending motions.

Motion for Permanent Injunction and Protective Order [18] are **DENIED AS MOOT**.

**SO ORDERED** this 2nd day of October 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE